# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 1 4 2007

**NANCY MAYER WHITTINGTON, CLERK**
U.S. DISTRICT COURT

Abdul-Hakeem Muhammad )
Fed. Reg. # 09177-007 )
R.C.I. P.O. Box 630 )
Winton, NC 27986-0630 )
(Enter your full name, prison number
and address)

Case: 1:07-cv-00476
Assigned To : Lamberth, Royce C.
Assign. Date : 03/14/2007
Description: ABDUL-HAKEEM V. BUREAU OF PRISON

v.

District Court)

Federal Bureau of Prisons )
Harley Lappin )
Scott P. Stermer )
Thomas R. Christensen )
(Enter the full name and address(es),
if known, of defendant(s) in this
action)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. §1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $250.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court <u>must</u> assess, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

**RECEIVED**

FEB 2 0 2007

**NANCY MAYER WHITTINGTON, CLERK**
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.

I.     **SUCCESSIVE CLAIMS**

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.     **PREVIOUS LAWSUITS**

A.     Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?     Yes ( )          No (xx)

B.     Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )     No ( xx )

C.     If your answer to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.     Parties to this previous lawsuit.

Plaintiffs:_____**N/A**_____

_____

Defendants:_____**N/A**_____

_____

2.     Court (if federal court, name the district; if state court, name the county)
_____**N/A**_____

3.     Docket number____**N/A**_____

4.     Name of judge to whom case was assigned:____**N/A**_____

5.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?)_____**N/A**_____

6.    Approximate date of filing lawsuit:_____**N/A**_____

7.    Approximate date of disposition:_____**N/A**_____

## III.    PLACE OF CONFINEMENT

**Rivers Correctional Institution, Post Office Box 630**
**Winton, North Carolina 27986-0630**

A.    Is there a prisoner grievance procedure in this institution?    Yes (x)    No ( )
If your answer is Yes, go to Question III B.  If your answer is No, skip Question III B,C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (x)    No ( )

C.    If your answer is Yes to Question III B;

1.    To whom and when did you complain?_____

2.    Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes (x)    No ( )

3.    What, if any, response did you receive?  (Furnish copy of response, if in writing.) _____

4.    What happened as a result of your complaint?    _____
**Administrative Remedy Denied**_____

D.    If your answer is No to Question III B, explain why not.    _____
**N/A**_____

E.    If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )    No ( )    **N/A**

F.    If your answer is Yes to Question III E;    **N/A**

1. To whom and when did you complain? _____ N/A _____
_____

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.) **N/A**

3. What, if any, response did you receive? (Furnish copy of response if in writing) **N/A**
_____

4. What happened as a result of your complaint? _____
_____ **N/A** _____
_____

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: Abdul-Hakeem Muhammad, # 09177-007
Address: P.O. Box 630, Winton, NC 27986-0630

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank and their address in the fourth blank. Do the same for additional defendants, if any.

B.    Defendant: Federal Bureau of Prisons _____ is employed as
Federal Agency _____ at _____
Address: 320 First Street, N.W.
Washington, DC 20534

Defendant: Harley Lappin _____ is employed as
Director _____ at Federal Bureau of Prisons
Address: 320 First Street, N.W.
Washington, DC 20534

Defendant: Scott P. Stermer _____ is employed as
Contract Officer _____ at Federal Bureau of Prisons
Address: 320 First Street, N.W.
Washington, DC 20534

Defendant: Thomas R. Christensen _____ is employed
as Secure Institution Manager _____ at Rivers Correctional Institution
Address: 145 Parker's Fishery Road * P.O. Box 840
Winton, NC 27986-0630

## V.    STATEMENT OF CLAIM

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.  Include the names of other persons involved, dates and places.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets if necessary.

Pleased see Attached:  <u>Plaintiff's Memorandum of Law in</u>

<u>Support of His Complaint Under The Civil Rights Act, 42 U.S.C.</u>

<u>§ 1983</u>

## VI.    RELIEF

State briefly exactly what you want the Court to do for you.

Please see Attached:  <u>Plaintiff's Memorandum of Law In Support</u>

<u>of His Complaint Under The Civil Rights Act, 42 U.S.C. § 1983</u>

Signed this __15__ day of __February_____ , __2007__ .

Abdul-Hakeem Muhammad
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

February 15, 2007
(Date)

Abdul-Hakeem Muhammad
(Signature of Plaintiff)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDUL-HAKEEM MUHAMMAD**<br>Fed. Reg. # 09177-007<br>Rivers Correctional Institution<br>Post Office Box 630<br>Winton, North Carolina 27986, <br><br>    **Plaintiff,**<br><br>    v.<br><br>**FEDERAL BUREAU OF PRISONS**<br>320 First Street, N.W.<br>Washington, DC 20534<br><br>**HARLEY LAPPIN, DIRECTOR**<br>Federal Bureau of Prisons<br>320 First Street, N.W.<br>Washington, DC 20534<br><br>**SCOTT P. STERMER, CONTRACT OFF.**<br>Federal Bureau of Prisons<br>320 First Street, N.W.<br>Washington, DC 20534<br><br>**THOMAS R. CHRISTENSEN, SSIM**<br>Rivers Correctional Institution<br>145 Parker's Fishery Road<br>Winton, North Carolina 27986<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____ |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

COMES NOW, Mr. Abdul-Hakeem Muhammad, Plaintiff, pro se, and hereby respectfully requests this Honorable Court to issue an injunctive order compelling the Federal Bureau of Prisons ("FBOP") and its officials to provide Plaintiff with the same marketable vocational opportunities to him as they provide to similarly situated District of Columbia offenders housed in the

-1-

federal facilities. The Plaintiff contends that the Defendants are not in compliance with the Congressional directive set forth in Section 11201 (b) of the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law 105-33, 111 Stat. 251, 734 (codified at D.C. Code § 24-101 (2001 Ed.)). See Samuels v. District of Columbia, 770 F.2d 184, 193-197 (D.C. Cir. 1985).

Plaintiff is also seeking a declaratory judgment defining Plaintiff's rights as they are prescribed in accordance with the statutes and regulations asserted within this complaint. The relief the Plaintiff is seeking will provide Plaintiff with the opportunity to exercise his regulatory right and responsibility to participate in the vocational training programs in accordance with 28 C.F.R. § 541.12(10) and 544.50 et seq., which were promulgated pursuant to 18 U.S.C. § 4001(b)(2) (Limitation on detention; control of prisons). See: 28 C.F.R. § 0.96(o) (Delegations); Chrysler Corp v. Brown, 441 U.S. 281, 300-305 (1979).

## JURISDICTION

1.    The Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. § 1331(a) and 1343. In addition, Plaintiff asserts that this Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq. See Cobell v. Norton, 240 F.3d 1081, 1094 (D.C. Cir. 2001).

2.    The Defendants in dealing with D.C. Code offenders such as the Plaintiff, are acting under the color of D.C. Code and

statutes.  See 11201(b) of the Revitalization Act, 111 Stat. 745.
The District of Columbia courts have held that the Revitalization
Act is as Act of Congress applicable exclusively to the District
of Columbia.  See Settles v. Parole Commission, 429 F.3d 1098j,
1104 (D.C. Cir. 2005); Fletcher v. District of Columbia, 370 F.3d
1223, 1227 (D.C. Cir. 2004).  The Defendants are amenable to
Plaintiff's civil suit under Title 42 U.S.C. § 1983, for actions
taken pursuant to § 11201(b) of the Revitalization Act, codified
at D.C. Code § 24-101(b).

## VENUE

3.    Plaintiff is a D.C. Code offender.  (See Exhibit A -
Plaintiff's Judgment & Commitment Order from the Superior Court
of the District of Columbia).  The Office of the Attorney General
of the United States has assumed responsibility for the
incarceration of Plaintiff in accordance with the Congressional
mandate that all D.C. Code felons be transferred to the Federal
Bureau of Prisons and placed in prisons contracted for or
operated by the FBOP.  See D.C. Code § 24-101 (2001 Ed.); see
also Gartrell v. Ashcroft, 191 F.Supp.2d 23, 26-27 (D.D.C. 2002).

4.    Plaintiff asserts that Defendants are in violation of
the Congressional directive by failing to ensure that Plaintiff
receives **"education"** and **"training"**.  See D.C. Code § 24-101(b)
and 28 C.F.R. § 541.12(10).  The Defendants are also being sued
in their official capacity.  Venue is proper pursuant to Title 28
U.S.C. § 1391(e) which states in pertinent part:

> "A civil action in which a defendant is an officer
> or employee of the United States or any agency
> thereof acting in his official capacity or under

-3-

color of legal authority, or an agency of the
United States, or the United States, may, except
as otherwise provided by law, be brought in any
judicial district in which (1) a defendant in the action
resides, (2) a substantial part of the events or
omissions giving rise to the claim occurred..."

28 U.S.C. § 1391(e).

5.    The Federal Bureau of Prisons and its officials have
been charged by Congress with the responsibility for Plaintiff's
**"custody"**, **"care"**, **"education"**, and **"training"**.    See D.C. Code §
24-101(b).    The authority to transfer Plaintiff to Rivers
Correctional Institution, in Winton, North Carolina, was charged
to the Federal Bureau of Prisons and its officials.    See D.C.
Code § 24-101(c) (Privitization).    See also Exhibit B - Contract
Award, dated March 7, 2000.    The Federal Bureau of Prisons'
headquarters is located at 320 First Street, N.W., Washington,
DC 20534.

6.    The Defendants named in this Complaint in their
official capacities conduct their daily functions at the FBOP's
headquarters in Washington, DC.    "'The residence of an official
defendant is determined on the basis of the official residence of
the federal officer or agency.'" See Franz v. United States, 591
F.Supp. 374, 378 (D.D.C. 1984) (quoting Lamont v. Haig, 590 F.2d
1124, 1128, n.19 (D.C. Cir. 1978); Republican Party of North
Carolina v. Martin, 682 F.Supp. 834, 836 (M.D.N.C. 1988) ("where
a public official 'is a party to an action in his official
capacity, he resides in the judicial district where he maintains
his official residence, that is, where he performs his official
duties.'").

-4-

7.   The Plaintiff presented his issue of the program deficiencies within RCI to the Federal Bureau of Prisons' higher echelon, while they were performing their official duties at the Federal Bureau of Prisons headquarters in Washington, DC.  The decision to circumvent the Congressional mandate as set forth in D.C. Code § 24-101(b) (2001 Ed.) and to ignore Plaintiff's regulatory rights set forth in 28 C.F.R. § 541.12(10) were made at the FBOP's headquarters by the FBOP officials.  Thus, any prospective declaratory and/or injunctive relief ordered by this Honorable Court should be directed to the FBOP officials at the FBOP's headquarters in Washington, DC.  Accordinly, venue would lie in this Court pursuant to 28 U.S.C. § 1391(e).

## DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

8.   A civil suit pursuant to Title 42 U.S.C. § 1983 may be brought against individual officers in either their official or individual capacity or both.  See Higdon v. Wells County Sheriff's Office, 426 F.Supp.2d 854, 860 (N.D.Ind. 2006); Estate of Phillips v. District of Columbia, 257 F.Supp.2d 69, 84 (D.D.C. 2003).

9.   All the Parties (the Defendants) listed in Section IV of the standard § 1983 form and as listed in the caption of the Plaintiff's Memorandum of Law in Support of his Complaint under the Civil Rights Act, 42 U.S.C. § 1983, this action is brought against them in both their **official** and **individual** capacities.

## STATEMENT OF FACTS

10.  The Plaintiff brings this civil action under Title 42

U.S.C. § 1983 and the Administrative Procedure Act, Title 5
U.S.C. §§ 701 et seq., to secure his regulatory right to
participate in **"eduation"** and **"vocational"** training. See 28
C.F.R § 541.12(10) (Inmate Rights and Responsibilities) and 28
C.F.R. § 544.50 et seq. (Occupational Education Program). By
denying the Plaintiff his regulatory right to participate in
education and vocational training, the Federal Bureau of Prisons
and its officials are currently depriving the Plaintiff of his
liberty interest without the **due process** of law.

11. The Plaintiff will establish that the FBOP and its
officials have marooned him and other similarly situated D.C.
Code offenders to Rivers Correctional Institution in Winton,
North Carolina, without providing the D.C. Code offenders with
the same regulatory rights to acquire marketable educational and
vocational skills as the D.C. Code offenders receive in the
Federal Bureau of Prisons facilities. See 28 C.F.R. § 544.50
(Occuptional Education Programs: Purpose and Scope).

12. Congress has charged the Federal Bureau of Prisons and
its officials with the responsibility of ensuring that education
and training programs are available to Plaintiff while housed at
RCI. See D.C. Code § 24-101(b) (2001 Ed.). Thus, because
Plaintiff does not have the same marketable vocational
opportunities available to him like D.C. Code offenders have in
the BOP facilities, Plaintiff asserts that he is being deprived
of the **equal protection of the laws** under the Fifth and/or
Fourteenth Amendment of the United States Constitution.

13.  Plaintiff asserts that in order to secure his constitutional, statutory, and regulatory rights, he is seeking relief from the Court in the form of an <u>injunctive</u> and/or <u>declaratory</u> order compelling the Bureau of Prisons and its officials to provide Plaintiff with marketable vocational opportunites.  "[E]ven if the underlying statute does not include meaningful (or manageable) standards, 'regulations promulgated by an administrative agency in carrying out its statutory mandate can provide standards for judicial review.'"  See <u>Inova Alexandria Hosp. v. Shalala</u>, 244 F.3d 342, 346 (4th Cir. 2001) (quoting <u>CC Distribs, Inc. v. United States</u>, 883 F.2d 146, 154 (D.C. Cir. 1989)).

<u>**ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 701 - 706**</u>

14.  Plaintiff asserts that if the claims raised in his § 1983 Civil Rights complaint are not cognizable under Title 42 U.S.C. § 1983, he respectfully requests this Honorable Court to convert this Civil Complaint into a civil action pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq. or **any statutory mechanism** which the Court deems appropriate to reach Plaintiff's constitutional, statutory, and regulatory violations that are asserted in his complaint.

15.  Pursuant to Section 11201(b) of the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Public Law 105-33, 111 Stat. 251, 734, Congress directed the Federal Bureau of Prisons with the **mandatory**, nondiscretionary duty to ensure that Plaintiff

-7-

receives **"education"** and **"vocational training"**. The Federal
Bureau of Prisons provides D.C. Code offenders housed in BOP
facilities with a multitude of marketable vocational
opportunities. However, the Federal Bureau of Prisons **does not**
provide the Plaintiff with those same marketable vocational
opportunities while he is housed at RCI, thereby depriving
Plaintiff of the **equal protection of the laws**.

16. 28 C.F.R. § 541.12(10) gives the Plaintiff the "right
to participate in education, [and] vocational training."
Plaintiff asserts that the Federal Bureau of Prisons has failed
to provide Plaintiff with marketable vocational opportunities,
thereby depriving Plaintiff of his due process right to
participate in **"education"** and **"vocational training"**.

17. The Plaintiff has a substantial <u>statutory</u> interest in
acquiring "education" and "training", and a <u>regulatory</u>
"responsibility" to take advantage of any available marketable
vocational programs. See D.C. Code § 24-221.01 (Educational Good
Time), and 28 C.F.R. § 541.12(10) (Inmate Rights and
Responsibilities), and BOP Program Statement 5880.32, Chapter 12.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. On November 17, 2006, the Plaintiff submitted a FBOP
Inmate Request to Staff. In his Inmate Request to Staff,
Plaintiff states that he requested Ms. Vaughn, Educational
Specialist, to be placed in the Heating, Ventilation and Air
Conditioning course. Plaintiff further states that Ms. Vaughn
granted his request, but stated the following:

"...You will be placed on the waiting list, but at the

-8-

> the time of enrollment you will need to bring the
> tuition fee."

See Exhibit C.

19.  On November 27, 2006, Plaintiff submitted a GEO/RCI
Attempt At Informal Resolution.  In his formal resolution,
Plaintiff states that he met with Ms. Vaughn, Educational
Specialist and requested placement in the HVAC course.  Plaintiff
further states that Ms. Vaughn asked "[H]ow old are you" and
"[A]re you willing to pay for the HVAC course."  On November 30,
2006, D. Bissett responded to Plaintiff's Attempt At Informal
Resolution by stating the following:

> "The HVAC course offered by RCI is a community college
> course sponsored by RCI.  All inmates pay for the
> course; however, inmates between the ages of 18-25
> qualify for grant monies from the juvenile division of
> corrections in Washington, DC."

See Exhibit D.

20.  On December 4, 2006, Plaintiff submitted his RCI Step 1
Administrative Remedy Form.  On December 6, 2006, Mr. David
Farmer, Assistant Warden of Programs at RCI responded to
Plaintiff's Step 1 by stating "an investigation revealed that the
HVAC program is a grant funded program for inmates under 25 years
of age.  According to the qualifications for the program you do
not meet the age guide lines for free tuition." (See Exhibit E -
Plaintiff's Step 1 and See Exhibit F - Step 1 Response).

21.  On December 18, 2006, Plaintiff submitted his RCI Step
2 Administrative Remedy Form.  (See Exhibit G).  On December 28,
2006, Mr. David Farmer, acting Warden filed his Step 2 (See
Exhibit H).

-9-

22.  Accordingly, the Plaintiff has exhausted all available administrative remedies regarding the issue asserted below in accordance with **28 C.F.R. § 542.10** through **§ 542.18.**  Thus, the Court has subject matter jurisdiction to hear Plaintiff's claims that he is currently being deprived of his right to participate in education and vocational training as prescribed in **28 C.F.R. § 541.12(10).**

## THE BOP IS CURRENTLY IN VIOLATION OF THE CONGRESSIONAL DIRECTIVE PRESCRIBED IN D.C. CODE § 24-101(b)

23.  The United States Congress has explicitly charged the Federal Bureau of Prisons with the responsibility of Plaintiff's "**education**" and "**training**".  **D.C. Code § 24-101.**  The relevant provision of the statute expressly states that:

> "[Plaintiff] **shall** be subject to any law or regulation applicable to persons committed for violations of law of the United States consistent with sentence imposed, and the Bureau of Prisons **shall be responsible** for the custody, care, subsistence, **education**, treatment and **training** of [Plaintiff]."  [Emphasis added.]

**D.C. Code § 24-101(b) (2001 Ed.)**

The verb "shall" as it is written in D.C. Code § 24-101(b) imposes upon the BOP and its officials a mandatory, nondiscretionary duty to ensure that Plaintiff receives "**education**" and "**training**".  "Where the word 'shall' appears in a statutory directive, 'Congress could not have chosen stronger words to express its intent that [the specified action] be mandatory....'"  See Plaut v. Spendthrift Farm, Inc., 1 F.3d 1487, 1490 (6th Cir. 1993) (quoting United States v. Monsanto, 491 U.S. 600, 607 (1981)).  See also Association of Civilian Technicians v. FLRA, 22 F.3d 1150, 1153 (D.C. Cir. 1994) ("The word 'shall'

-10-

generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive.").

24. Plaintiff has been incarcerated approximately eighteen (18) years. Throughout his many years of incarceration, Plaintiff has continuously sought to improve himself through rehabilitation by enrolling in and completing various educational and training programs. (See Exhibit I - Education Information Sheet).

25. On November 17, 2006, Plaintiff requested to be placed in the Heating, Ventilation and Air Conditioning (HVAC) technology course/program. The education department informed the Plaintiff that "...you will be placed on the waiting list, but at the time of enrollment **you will need to bring the tuition fee.**" Plaintiff was further informed that the HVAC course is provided to a class of D.C. Code offenders who are twenty-five years of age or younger. D.C. Code offenders who are twenty-six years and older such as the Plaintiff must pay over $ 3,000.00 for the course. The BOP does not impose upon D.C. Code offenders housed in the BOP facilities, any age restriction or residence requirement.

26. Plaintiff asserts that he is being denied the "right" to participate in education and vocational training. His interest in participating and completing the aforementioned educational and vocational program is part of his "responsibility" to take advantage of the program pursurant to 28 C.F.R. § 541.12(10). Specifically, **28 C.F.R. § 541.12(10)**

provides in part:

**Rights**

> 10.   You have the right to participate in education, vocational training and employment as far as resources are available, and in keeping with your interests, needs, and abilities.

**Responsibilities**

> 10.   You have the responsibility to take advantage of activities which may help you live a successful and law abiding life within the institution and in the community.  You will be expected to abide by the regulations governing the use of such activities.

27.   Plaintiff has been denied the right to participate in HVAC course.  Plaintiff contends that because there are no marketable vocational programs available, he is being denied the "right" to participate in "vocational training".  See 28 C.F.R. § 541.12(10).

**Plaintiff's Interest**

28.   The Plaintiff's interest in seeking to participate and complete educational and vocational training programs are two-fold.  First, and foremost, the Plaintiff has a deeply rooted interest in obtaining to marketable and vocational skill that will enable him to live a successful and law-abiding life within the community once he is released on parole.  Secondly, the Plaintiff cna acquire educational good time credits upon the completion of an "acedemic" or "vocational" program.

29.   As a result of RCI not have any marketable vocational programs available to Plaintiff, he is being deprived of his interest in reducing the duration of his sentence structure in

accordance with **D.C. Code § 24-221.01** (Educational Good Time), which provides in relevant part:

> "Every person whose conduct complies with institutional rules and demonstrates a desire for self-improvement by successfully completing an academic or vocational program...shall earn educational good time credits of no less than **3 days** a month and not more than **5 days a month.**"

**D.C. Code § 24-221.01(a)(2001 Ed.).**

30. Plaintiff asserts that he cannot reap the statutory EGT benefits prescribed in D.C. Code § 24-101(b), if the "acedemic" or "vocational" programs are not available to him. See Leis v. Flynt, 439 U.S. 438, 442 (1979) ("A claim of entitlement ..., to be enforceable, must be deprived from statute or legal rule or through a mutually explicit understandning.")  All of the aforementioned statutes and regulations evidently are directed at the same goal:  advancing rehabilitation to destroy recidivism.

31. Plaintiff has a keen interest in presenting program completions to the U.S. Parole Commission when he is scheduled to appear before the Commission in 2007, for his rehearing.  More importantly, society has a vested interest in Plaintiff's rehabilitative process prior to his reintegration into the community.  See Morales Feliciano v. Romero Barcelo, 672 F.Supp. 591, 606-607 (D. Puerto Rico 1986).  The District of Columbia laws promote rehabilitation, i.e., D.C. Code § 24-221.01 (Educational Good Time).

32. Plaintiff asserts that RCI does not have any available marketable educational and vocational programs/opportunities for him.  He has completed all of the available programs open to him

-13-

at RCI. Plaintiff interests extends to completing the HVAC program which is not available to him at RCI as a result of an age restriction and unavailability of the program at RCI.

33. Plaintiff contends that the Bureau of Prisons and its officials are in direct violation of D.C. Code § 24-101: Transfer of Prison System To Federal Authority. D.C. Code § 24-101 states in relevant part the following:

> (b) Felons sentenced pursuant to the D.C. Official Code. -- Notwithstanding any other provision of law, not later than December 31, 2001, the Lorton Correctional Complex shall be closed and the felony population sentenced pursuant to the District of Columbia Official Code residing at the Lorton Correctional Complex shall be transferred to a penal or correctional facility operated or contracted for by the Bureau of Prisons. Such persons shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed, and the Bureau of Prisons **shall** be responsible for the **custody, care, subsistence, education, treatment,** and **training** of such person.

**D.C. Code § 24-101(b) (2001 Ed.)**

The D.C. Code § 24-101 coupled with 28 C.F.R. § 541.12(10), clearly shows that the Bureau of Prisons and its officials are to be held accountable for the failure of RCI to provide adequate and suitable marketable vocational and educational programs to the Plaintiff and other D.C. Code offenders.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant him the relief as follows:

**A.** Issue an Injunctive Order ordering the Defendants to transfer the Plaintiff to a facility that will allow him to

-14-

participate in further educational and vocational programs without cost restrictions. Specifically, the HVAC course.

    **B.**    Issue a Declaratory Judgment defining Plaintiff's rights and responsibilities as they are prescribed in accordance with the statutes and regulations of 28 C.F.R. § 541.12(10) and D.C. Code § 24-101.

    **C.**    Grant such other relief as it may appear that the Plaintiff is entitled.

                              Respectfully submitted,

Dated This: _February 15, 2007_      _Abdul-Hakeem Muhammad_
                                   Abdul-Hakeem Muhammad, Pro Se.
                                   Fed. Reg. # 09177-007
                                   Rivers Correctional Institution
                                   Post Office Box 630
                                   Winton, North Carolina 27986-0630

    I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated This: _February 15, 2007_      _Abdul-Hakeem Muhammad_
                                   Abdul-Hakeem Muhammad

## DESCRIPTION OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| Exhibit A | Judgment & Commitment Order |
| Exhibit B | Contract Award, dated March 7, 2000 |
| Exhibit C | Inmate Request to Staff, dated November 17, 2006 |
| Exhibit D | GEO/RCI Attempt At Informal Resolution, dated November 27, 2006 |
| Exhibit E | RCI Step 1 Administrative Remedy Form, dated December 4, 2006 |
| Exhibit F | RCI Step 1 Administrative Remedy Response, dated December 6, 2006 |
| Exhibit G | RCI Step 2 Administrative Remedy Form, dated December 18, 2006 |
| Exhibit H | RCI Step 2 Administrative Remedy Response, dated December 28, 2006 |
| Exhibit I | Education Information Sheet |

United States of Ame
District of Columbia

Case No. _____
PDID No. _446 416_

*Hassan - Hassen  Muhammad*
*Kevin McCray*

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of  ☐ Not Guilty  ☒ Guilty to the Charge(s) of _____

*Count B  Murder II*

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been

convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *Count B*

*9 (nine) to 27 (twenty-seven) years*

*Credit for time served.*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
  _____

  ☐ Restitution of $_____ in monthly installments of $_____ beginning
  _____ (see reverse side for payment instructions).  The Court
  will distribute monies to _____

  ☐ _____

Costs in the aggregate amount of $ *20.00* have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. *To be paid by 5/5/95.*

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*5/5/94* _____ /Date                                      _____ /Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*5/5/94* _____ /Date                                      _____ Deputy

Form CD(18)-1040-Aug. 87            *PSI  ATTACHED*            *Exhibit A*

**CONTRACT AWARD**

| | PAGE | OF | PAGES |
|---|---|---|---|
| | 1 | | 181 |

| 1. CONTRACT NUMBER | 2. EFFECTIVE DATE | 3. SOLICITATION NUMBER | 4. REQUISITION/PROJECT NUMBER |
|---|---|---|---|
| J1PCc-005 | See Block 15c | RFP PCC-0004 | N/A |

| 5. ISSUED BY | CODE | N/A | 6. ADMINISTERED BY (if other than Item 5) | CODE | N/A |
|---|---|---|---|---|---|

**5. ISSUED BY**

Federal Bureau of Prisons
320 First Street NW Room 500-6
Washington, DC  20534
Scott P. Stermer, Contracting Officer
(OMB #1103-0018 EXP 02/28/01)

**6. ADMINISTERED BY**

Same Block 5

# ORIGINAL

| 7. NAME AND ADDRESS OF CONTRACTOR | CODE | |
|---|---|---|

Wackenhut Corrections Corporation
4200 Wackenhut Drive
Palm Beach Gardens, FL  3410

**8. PAYMENT WILL BE MADE BY**

Federal Bureau of Prisons
Mid-Atlantic Region
Junction Business Park
10010 Junction Drive, Suite 100-N
Annapolis Junction, MD  20701
Regional Comptroller

| 9A. DUNS NUMBER | 9B. TAXPAYER'S IDENTIFICATION NO. | 10. SUBMIT INVOICES (4 copies unless otherwise specified) TO |
|---|---|---|
| (b)(4) | (b)(4) | [X] ITEM 5  [ ] ITEM 6  [ ] ITEM 8  [ ] OTHER (Specify) |

**OF CONTENTS**

| (X) | SEC. | DESCRIPTION | PAGE(S) | (X) | SEC. | DESCRIPTION | PAGE(S) |
|---|---|---|---|---|---|---|---|
| | | PART I - THE SCHEDULE | | | | PART II - CONTRACT CLAUSES | |
| X | A | SOLICITATION/CONTRACT FORM | | X | I | CONTRACT CLAUSES | 11 |
| X | B | SUPPLIES OR SERVICES AND PRICES/COSTS | | | | PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACH. | |
| X | C | DESCRIPTION/SPECS./WORK STATEMENT | 4 | X | J | LIST OF ATTACHMENTS | 96 |
| X | D | PACKAGING AND MARKING | | | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| X | E | INSPECTION AND ACCEPTANCE | | K | | REPRESENTATIONS, CERTIFICATIONS AND OTHER STATEMENTS OF OFFERORS | |
| X | F | DELIVERIES OR PERFORMANCE | | X | | | 14 |
| X | G | CONTRACT ADMINISTRATION DATA | | L | | INSTRS., CONDS., AND NOTICES TO OFFERORS | |
| X | H | SPECIAL CONTRACT REQUIREMENTS | | | M | EVALUATION FACTORS FOR AWARD | |

**12. BRIEF DESCRIPTION**

Contractor-Owned and Contractor-Operated correctional facility for an estimated population of 1,200 low security male District of Columbia (D.C.) sentenced felons.

**13. TOTAL AMOUNT OF CONTRACT** ▶   $91,890,622.95  (FP01009T120M)

**14. CONTRACTOR'S AGREEMENT.** Contractor agrees to furnish and deliver the items or perform services to the extent stated in this document for the consideration stated.  The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

[X] A. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN FOUR COPIES TO THE ISSUING OFFICE. (Check if applicable)

B. SIGNATURE OF PERSON AUTHORIZED TO SIGN

C. NAME OF SIGNER
Wayne H. Calabrese

D. TITLE OF SIGNER
President

E. DATE
2/22/2000

**15. AWARD.** The Government hereby accepts your offer on the solicitation identified in item 3 above as reflected in this award document.  The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

A. UNITED STATES OF AMERICA (Signature of Contracting Officer)

B. NAME OF CONTRACTING OFFICER
Scott P. Stermer, Contracting Officer

C. DATE
3/7/2000

AUTHORIZED FOR LOCAL REPRODUCTION

OPTIONAL FORM 307 (9-97)
53.215-1(e)

Exhibit B

*DISTRICT OF COLUMBIA SENTENCE  FEI  N - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1    I.    INTRODUCTION

2    The National Capital Revitalization and Self-Government
3    Improvement Act of 1997 mandates that the Bureau of Prisons house
4    a portion of the District of Columbia sentenced felon population
5    in private contract facilities.

6    The Bureau of Prisons has proceeded to comply with this mandate
7    by identifying the appropriate populations to fulfill the
8    requirement from the overall District of Columbia sentenced felon
9    population.

10   The attached SOW identifies the technical and programmatic
11   details for a low security adult male population.

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member)<br>Ms. Vaughn, Educational Specialist | DATE:<br>November 17, 2006 |
|---|---|
| FROM:<br>Abdul-Hakeem Muhammad | REGISTER NO.:<br>09177-007 |
| WORK ASSIGNMENT:<br>Law Clerk | UNIT:<br>A-5 202L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

RE:  **Inmate Rights and Responsibility (Education & Vocational Training)**

In conjunction with the above and in accordance with 28 C.F.R. § 541.12(10) and B.O.P. Program Statement 5270.07(10) Chap. 3, "[Y]ou have the **'right'** to participate in education, **'vocational training...'"** And in accordance with **responsibilities** "[Y]ou have the **'responsibility'** to take advantage of activities which may help you live a successful and law-aiding life within the institution and in the community..."

At this point and time I am requesting to be placed in the HVAC Course. This request must be answered "within five days" per the 2005 inmate Handbook, **id** at page **6.**

_Abdul-Hakeem Muhammad_

(Do not write below this line)

DISPOSITION: Show this request to the officer and I will speak with you.

Your request has been granted. You will be placed on the waiting list, but at the time of enrollment you will need to bring the tuition fee.

| Signature Staff Member<br>_J. Vaughn_ | Date<br>11-20-06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces
and BP-S148.070 APR    Exhibit-C


Printed on Recycled Paper

A. 2006 - 234

# GEO/RCI ATTEMPT AT INFORMAL RESOLUTION
### (Request for Administrative Remedy)

To: Mrs. Bissett

(Counselor)

Date Rcv'd 11/27/16
(Staff)

1.   Write in this space, briefly, your complaint. Include all details and facts which support your request.

At approximately 9:10 a.m. on November 22, 2006, upon Inmate Request to Staff dated November 17, 2006 to J. Vaughn, Education Specialist, See attachment, I had a meeting with J. Vaughn concerning my interest in the HVAC course. J. Vaughn asked "How old are you?" And when I told her I was 31 years of age, J. Vaughn asked "Are you willing to pay for the HVAC course?" Which I emphatically said "NO". Subsequent to me telling J. Vaughn that I am not willing to pay tuition

See page 2 continued

2.   What action do you wish to be taken to correct the situation?

As my **right** to participate in "education, vocational training" and in keeping with my interests, needs, and abilities as prescribed in 28 C.F.R. 541.12(10), RCI Inmate Handbook, Inmate Rights and Responsibilities (10), page 42 (2005) and B.O.P Program Statement

See page 2 continued

Abdul-Hakeem Muhannad / Abdul Haka
Inmate Name/Signature    Mula)        Reg. No. 09177·007    Unit/Bed A·5 202L    Date 11/22/06 A.M.

3.   State Clearly staff efforts to resolve the matter informally. Be specific, but brief and provide to inmate.

The HVAC course offered by RCI is a Community College course sponsored by RCI. All inmates pay for the course; however, inmates between the ages of 18 - 25 qualify for grant monies from the juvenile division of corrections in Washington, DC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Informal Resolution Was (Was Not) (circle one) accomplished for the above noted reason.

Inmate Signature        Date 11/30/06        Counselor Signature        Date 11-30-06

Exhibit· D

Attempt At Informal Resolution
Abdul-Hakeem Muhammad
Fed. Reg. # 09177-007
November 27, 2006
Page 2.


1)    for the HVAC course J. Vaughn took it upon herself to place me on the waiting list for enrollment, thus telling me that "...at the time of enrollment you will need to bring the tuition fee." Why should I be required to pay for "vocational training" when simarily situated D.C. Code offenders 25 years old and younger are reaping the benefits of this course for **"free"**?

2)    5270.07(10), respectively. At this juncture, I am requesting to enter the HVAC program without paying the tuition fee.

GEO
**The GEO Group, Inc.**

**Admin Coordinator**

DEC 0 6 2006

**DATE RECEIVED**

# Rivers Correctional Institution
## Step 1 Administrative Remedy Form
Paso 1 Forma De Remedio Administrativo

| Name:<br>Nombre: | Abdul-Hakeem Muhammad | Number:<br>Numero: | 09177-007 |
|---|---|---|---|
| Date:<br>Fecha: | December 4, 2006 | Housing Assignment:<br>Unidad Asignada: | A-5 202L |

### For Official Use Only - Para Uso Oficial Solamente

| Date Received:<br>12/06/06 | Remedy #:<br>06-283 | Date Due:<br>01/05/06 |
|---|---|---|

### Complaint - Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in a through investigation (e.g. dates, names, locations, times, etc...) Attach one (1) additional page if necessary and the Informal Resolution Form with any other supporting documentation.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc...) Agregue una pagina si es necesario.

On November 27, 2006, I submitted an attempt at informal resolution concerning "vocational training" in the HVAC course. On November 30, 2006, this informal resolution was not resolved from the standpoint of "age disparity." As my "right" to participate in "education, vocational training" and in keeping with my interests, needs, and abilities as prescribed in 28 C.F.R. § 541.12(10), R.C.I. Inmate Handbook, Inmate Rights and Responsibilities (10), page 42 (2005) and B.O.P. Program Statement 5270.07(10), respectively. At this juncture, I am requesting to enter the HVAC course without paying the tuition fee, and to be treated as those simarily situated D.C. Code offenders 25 years old and younger.

*Abdul-Hakeem Muhammad*
**Inmate Signature**

Exhibit-E



**The GEO Group, Inc.**

## Administrative Remedy

### Step 1 – Response

| | | | |
|---|---|---|---|
| **Date Filed:** | 12-06-2006 | **Remedy ID No.:** | 06-283 |
| **Inmate Name:** | Muhammad, Abdul-Hakeem | **Reg #:** | 09177-007 |

This is in response to your Step 1 Administrative Remedy dated December 06, 2006 in which you are requesting to enroll in the HVAC program without paying the tuition fees.

An investigation revealed that the HVAC program is a grant funded program for inmates under 25 years of age. According to the qualifications for the program you do not meet the age guide lines for free tuition.

If you are not satisfied with this response, you may obtain a Step 2 form from your Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response".

12-12-06
Date

D. Farmer, AW Programs

Exhibit-F



**GEO**
GLOBAL EXPERTISE IN OUTSOURCING

**Correctional Programs**
**Administrative Remedies**

## Rivers Correctional Institution
## Step 2 Administrative Remedy Form
Paso 1Forma De Remedio Administrativo

Admin Coordinator
DEC 1 9 2006
~~DATE RECEIVED~~

| Name: Abdul-Hakeem Muhammad<br>Nombre: | Number:    09177-007<br>Numero: |
|---|---|
| Date:    December 18, 2006<br>Fecha: | Housing Assignment:   A-5 202<br>Unidad Asignada: |

| For Official Use Only - Para Uso Oficial Solamente | | | |
|---|---|---|---|
| Date Rec'd:<br>12 14 06 | Complaint #:<br>06-283 | Staff Assigned: | Date Due:<br>01 19 06 |

### Complaint - Reclamo

Describe your complaint in the section below.  Be as concise as possible, but be sure to include enough identifying data to assist in through investigation (e.g. dates, names, locations, times, etc....). Attach one (1)additional page if necessary.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc....) Agregue una pagina si es necesario.

On December 13, 2006 I received a response from the Administrative Remedy Coordinator 06-283 stating: "[A]n investigation revealed that the HVAC program is a grant funded program for inmates under 25 years of age. According to the qualifications for the program **'you do not meet the age guide lines for free tuition.'**" This statement deprives me of the benefit and right to participate in **"education"** and **"training"** as set forth in D.C. Code § 24-101(b) "[D.C. Code felons] shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed, and the Bureau of Prisons **shall be responsible** for the **custody**, **care**, subsistence, **education**, treatment, and **training** of [D.C. Code felons]." 28 C.F.R. § 544.50 (Occupational Education Programs) provide: "[E]ach Bureau of Prisons institution provides occupational education programs which allow interested inmates the opportunity to obtain **'marketable skills'**". R.C.I. do not offer any **marketable skills** programs except HVAC, and as my "right" and "responsibility" I am requesting to enter the HVAC course without paying the tuition fee, and to be treated as those simarily situated D.C. Code offenders 25 years old and younger.

Abdul-Hakeem Muhammad
**Inmate Signature**

Exhibit- G



**The GEO Group, Inc.**
Administrative Remedy
Step - 2

Date Filed:        12-28-2006            Remedy ID No.:   06-283

Inmates Name    Muhammad, Abdul-Hakeem    Reg No.:          09177-007

This is in response to your administrative remedy dated December 19, 2006 in which you are requesting that the enrollment fee for the HVAC program be waived for all ages.

An investigation into your alleged complaint revealed that the HVAC program is a grant funded program for inmates under 25 years of age with a High School Diploma or GED. Under the current guidelines, you do not qualify for free enrollment.

After a thorough review of the circumstances pertaining to your requested Administrative Remedy, we find that there is no evidence to support your grievance.

Your request for Step 2 Administrative Remedy is denied. You have exhausted all of your Administrative Remedies at this level.

_12-28-06_
Date                                    G. Snyder, Warden   , Acting

Exhibit - H

```
               *      INMATE EDUCATION DATA      *     09-25-2006
PAGE 001       *         TRANSCRIPT             *     09:25:15

REGISTER NO: 09177-007    NAME..: MUHAMMAD              FUNC: DIS
FORMAT.....: TRANSCRIPT    RSP OF: RIV-RIVERS CI

-------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION              START DATE/TIME STOP DATE/TIME
RIV  ESL HAS    ENGLISH PROFICIENT        02-01-2001 1059 CURRENT
RIV  GED HAS    COMPLETED GED OR HS DIPLOMA 02-13-2001 1055 CURRENT

--------------------------- EDUCATION COURSES ----------------------------
SUB-FACL   DESCRIPTION                 START DATE  STOP DATE EVNT AC LV  HRS
RIV        ADULT CONT EDU CORRESPONDENCE 09-06-2006 CURRENT
RIV        ADULT CONT EDU CORRESPONDENCE 04-28-2006 06-28-2006  P  C  P    1
RIV        ADULT CONT EDU CORRESPONDENCE 11-18-2004 03-13-2006  P  C  P    1
RIV        COMPUTER KEYBOARDING VT 8-9 AM 04-25-2005 07-15-2005 P  C  E   55
RIV        COMPUTER APPLICATIONS II VT   12-23-2004 04-22-2005  P  C  E   80
RIV        VOC COMPUTER TECHNOLOGY AM6   08-31-2004 12-23-2004  P  C  E   80
RIV        VOC COMPUTER TECHNOLOGY AM3   05-14-2004 08-25-2004  P  C  E   80
RIV        VOCATIONAL WOOD SHOP AM1      01-01-2004 04-30-2004  P  C  E   80
RIV        VOCATIONAL WOOD SHOP AM3      04-29-2003 05-08-2003  P  W  V    6

G0002      MORE PAGES TO FOLLOW . . .
```

Exhibit - I

F
07-0476
RCL

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Abdul-Hakeem Muhammad

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 09177-007

**DEFENDANTS**

Bop, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-00476
Assigned To : Lamberth, Royce C.
Assign. Date : 03/14/2007
Description: ABDUL-HAKEEM V. BUREAU OF PRISON

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZEN**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

O

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ O    Check YES only if demanded in complaint    JURY DEMAND: ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☑ NO    If yes, please complete related case form.

DATE    SIGNATURE OF ATTORNEY OF RECORD    NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd